1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SWIFT FRAME, a partnership,                    CASE NO. 11cv461 WQH (CAB)

12                              Plaintiff,          ORDER

         vs.
13
     CITY OF SAN DIEGO, a Municipal
14   Corporation; DOES, 1 through 50,

15                              Defendants.

16   HAYES, Judge:

17        The matters before the Court are the Motion to Dismiss pursuant to Federal Rules of

18   Civil Procedure 12(b)(1) and (6) filed by Defendant City of San Diego (ECF No. 3) and the

19   Motion for Abstention filed by Plaintiff Swift Frame (ECF No. 10).

20   **I.     Background**

21        In this case, a City of San Diego business seeks a refund of certain taxes paid pursuant

22   to a tax imposed by the City of San Diego.  On December 24, 2009, Plaintiff Swift Frame

23   initiated this action by filing a Complaint in the Superior Court of California for the County

24   of San Diego.  (ECF No. 1-1 at 5).  Plaintiff asserted claims: (1) for "[d]amages - refund of

25   illegally imposed and collected taxes" in violation of Cal. Const. Art. XIII C, section 2; (2) for

26   unjust enrichment; (3) for violations of public policy pursuant to Cal. Const. Art. I section 7;

27   (4) for an accounting and imposition of constructive trust; (5) for a refund under California

28   Government Code section 910 et seq.; and (6) for declaratory relief that the processing tax at

issue was unconstitutional.  (ECF No. 1-1 at 16-20).  On January 25, 2010, Defendant filed a demurrer.  *Id*. at 46.

On March 23, 2010, before the Superior Court ruled on the demurrer, Plaintiff filed a First Amended Complaint.  *Id*. at 65.  Plaintiff asserted claims: (1) for declaratory relief that businesses were entitled to a refund of the taxes paid during the prior twelve months; (2) for injunctive relief "to forestall the City from spending the surplus Processing Fee revenues"; (3) for a constructive trust; and (4) for "an accounting of City's surplus processing fees collected." *Id*. at 81-82.

On April 22, 2010, Defendant filed a demurrer to the First Amended Complaint.  *Id*. at 124.  On July 21, 2010, the Superior Court Judge issued an order stating:

> Plaintiffs have stated a cause of action for a refund of the fees paid to the Defendant within the last twelve months.  Pursuant to the Government Claims Act, no suit for money damages may be brought against a public entity until a written claim has been presented and acted upon.  Any claim relating to a cause of action other than for injury or death must be presented within one year after the accrual of the cause of action.  Because the primary purpose of the suit is to obtain a refund of the processing fees paid to Defendant, section 911.2 of the Government Code applies. Plaintiff Swift Frame presented its claim for a refund to the Defendant on September 28, 2009.  Accordingly, the [First Amended Complaint] properly states a cause of action for a refund of the fees paid to Defendant since September 28, 2008.

(ECF No. 1-2 at 29) (citations omitted).

On August 16, 2010, Plaintiff filed an "Amendment to First Amended Complaint (Amending all of the First Amended Complaint except for the Exhibits)." *Id*. at 37.  Plaintiff asserted claims: (1) for "[m]oney had and received" seeking a refund of the taxes paid during the prior twelve months; (2) for fraud on the grounds that the City misrepresented the purpose of the tax; (3) for conversion on the grounds that the City intentionally and wrongfully collected the tax; and (4) for a mandate directing the City to refund the tax.  On September 16, 2010, Defendant filed a demurrer.  *Id*. at 51.  On December 13, 2010, the Superior Court sustained the demurrer dismissing all claims.  (ECF No. 1-3 at 39-41).

On December 27, 2010, Plaintiff filed a Motion to Reconsider and Vacate Ruling on Demurrer and to File Proposed Second Amended Complaint.  *Id*. at 48.  Plaintiff's Second Amended Complaint asserted three claims pursuant to 42 U.S.C. § 1983.

1    On February 18, 2011, the Honorable Superior Court Judge issued an order permitting

2    Plaintiff's Second Amended Complaint to be filed.  (ECF No. 1-6 at 66-67).  On February 24,

3    2011, Plaintiff Swift Frame's Second Amended Complaint was filed in the Superior Court.

4    On March 7, 2011, Defendant City of San Diego removed the matter to this Court on

5    the grounds that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question.  On

6    March 15, 2011, Defendant City of San Diego filed a Motion to Dismiss pursuant to Federal

7    Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure

8    to state a claim.  (ECF No. 3).  Plaintiff Swift Frame filed an Opposition.  (ECF No. 11).  On

9    April 11, 2011, Defendant City of San Diego filed a Reply.  (ECF No. 9).

10    On April 17, 2011, Plaintiff Swift Frame filed a Motion for Abstention pursuant to

11    *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) on the grounds

12    that "this case turns on the identical issues underlying rulings pending in state proceedings."

13    (ECF No. 10-1 at 4).  On May 10, 2011, Defendant City of San Diego filed an Opposition.

14    (ECF No. 14).  On May 17, 2011, Plaintiff Swift Frame filed a Reply asserting that the Court

15    should abstain pursuant to *Railroad Comm'n v. Pullman*, 312 U.S. 496 (1941), not the

16    *Colorado River* doctrine.  (ECF No. 16).[1]

17    **II.    Allegations of the Second Amended Complaint**

18    Defendant City of San Diego established a "Processing Tax" by resolution of the City

19    Council on June 28, 2004 which "was in fact an illegal tax."  (ECF No. 1-6 at 26, 28).  "The

20    Resolution adopted the Processing Tax as a single levy applicable alike to business license

21    applications, business license renewals, and rental unit taxes."  *Id.*  The "Processing Tax" was

22    imposed for revenue generation without a vote of the electorate.  The City collected the

23    "Processing Fee" in an amount which exceeded the cost of processing licenses and deposited

24    the surplus into the general fund of the City.

25    _____

26    [1]  Generally, courts decline to consider arguments raised for the first time in a reply brief as it deprives the opposing party of adequate opportunity to respond.  *See Adriana Intern. Corp. v. Thoeren,* 913 F.2d 1406, 1417 n.12 (9th Cir. 1990); *United States v. Boyce,* 148 F.

27    Supp. 2d 1069, 1085 (S.D. Cal. 2001) (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)).  Plaintiff no longer seeks abstention pursuant to the *Colorado River* doctrine as

28    requested in the Plaintiff's Motion for Abstention.  Accordingly, Motion for Abstention is DENIED without prejudice.

In October 2009, "the City discontinued exaction of the Processing Tax, in response to the [California] Court of Appeal's adjudication (in *Weisblat [v. city of San Diego,* 176 Cal. App. 4th 1022 (2009)]) that the Processing Tax was a tax imposed without approval of the electorate, in violation of California Constitution article XIII C." *Id.* at 30. "Despite the [California] Court of Appeal's adjudication (in [*Weisblat*] that the Processing Tax, though denominated a 'Processing Fee,' was in fact an illegal tax, the City has refunded (or credited) only part of the Processing Tax paid by landlords, and has refused to refund any payments of the Processing Tax made by other businesses." *Id*. at 26. "[T]he City claimed ... that only the Processing Tax collected from landlords was illegal, even though the City has stopped collecting it from both businesses and landlords." *Id*. at 30. The City Council passed a resolution to refund fees paid by landlords, but not businesses.

Plaintiff Swift Frame is a partnership conducting business in San Diego that paid a "Processing Tax." *Id*. at 26. Plaintiff asserts a class consisting of "those taxpayers who have paid the Fee at any time during the last five (5) years prior to the filing of the Complaint ... in this action and who have not yet received a full refund." *Id.* at 34. Plaintiff alleges that the "action [arises] under 42 U.S.[C. §] 1983 to recover taxes that the City of San Diego collected in violation of the California Constitution and other state law, and in violation of the United States Constitution and other federal law under the misnomer 'Processing Fees' ...." *Id*. at 26.

Plaintiff asserts claims pursuant to § 1983: (1) for taking without just compensation and violation of due process pursuant to the Fifth and Fourteenth Amendments regarding the City's refusal to refund the illegal taxes; (2) for violation of due process pursuant to the Fifth and Fourteenth Amendments regarding the City's failure to provide a "pre- or post-deprivation remedy" on the grounds that tax payers had to "pay first, sue later" and the City denied Plaintiff's administrative claim for a refund "without legal basis"; and (3) for violation of equal protection pursuant to the Fourteenth Amendment regarding the City's refund to landlords but not businesses. Plaintiff seeks monetary damages comprised of a "[r]eturn ... of all Processing Taxes paid by [the] Plaintiff, with interest" as well as attorney's fees and cost of suit. *Id.* at 28.

1    Plaintiff alleges that it "has standing to bring the instant action since it is a business

2  partnership that ... paid the unconstitutional levy and exhausted its administrative remedies."

3  *Id*. at ¶ 45.

4  **III.    Contentions of the parties**

5    Defendant City of San Diego seeks dismissal of Plaintiff Swift Frame's Second

6  Amended Complaint on the grounds that the principles of federalism and comity require the

7  Court to decline to exercise subject matter jurisdiction over these § 1983 claims.  Defendant

8  City of San Diego contends that the challenged fees are taxes for purpose of comity as well as

9  the Tax Injunction Act, and there is a plain, speedy, and efficient remedy available under state

10  law for a refund of the taxes.

11    Plaintiff contends that the Complaint adequately states claims for relief under the due

12  process, equal protection, and takings clauses of the United States Constitution.  Plaintiff

13  contends that the "Government Claims Act presentation requirements ... are not remedies; they

14  are only procedures."  (ECF No. 11 at 5).  Plaintiff Swift Frame contends that Defendant City

15  of San Diego has engaged in forum shopping by removing this action to federal court and then

16  seeking dismissal based on lack of subject matter jurisdiction.  Plaintiff Swift Frame contends

17  that the Court should remand the matter to state court.  Plaintiff also seeks leave to amend.

18

19  **IV.    Discussion**

20    Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for

21  dismissal on grounds that the court lacks jurisdiction over the subject matter.  Fed. R. Civ. P.

22  12(b)(1).  Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a

23  claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

24    "The comity doctrine counsels lower federal courts to resist engagement in certain cases

25  falling within their jurisdiction." *Levin v. Commerce Energy, Inc.*, __ U.S. __, 130 S.Ct. 2323,

26  2330 (2010).  The comity doctrine counsels restraint in cases challenging state taxes because

27  "'[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on their

28  respective governments, and it is of the utmost importance to all of them that the modes

1    adopted to enforce the taxes levied should be interfered with as little as possible.'" *Id.* (quoting

2    *Dows v. Chicago*, 11 Wall. 108, 110, 20 L.Ed. 65 (1871)).

3        Historically, the doctrines of comity, and the Tax Injunction Act, 28 U.S.C. § 1341

4    which codified a portion of the comity doctrine, barred "federal injunctive challenges to state

5    tax laws." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 105 (1981);

6    *see also Levin*, 130 S.Ct. at 2332; 28 U.S.C. § 1341("The district courts shall not enjoin,

7    suspend or restrain the assessment, levy or collection of any tax under State law where a plain,

8    speedy and efficient remedy may be had in the courts of such State."). The Supreme Court

9    ruled in *Fair Assessment* that the doctrine of comity does not permit federal courts to award

10   damages in cases challenging state taxation when the state court provides a "plain, adequate,

11   and complete" remedy.[2] *Fair Assessment*, 454 U.S. at 116; *see also Levin*, 130 S.Ct. at 2332

12   (citation omitted). The Supreme Court reasoned that "[t]he recovery of damages under the

13   Civil Rights Act [42 U.S.C. § 1983] first requires a 'declaration' or determination of the

14   unconstitutionality of a state tax scheme that would halt its operations. And damage actions,

15   no less than actions for an injunction, would hale state officers into federal court every time

16   a taxpayer alleged the requisite elements of a § 1983 claim." *Fair Assessment*, 454 U.S. at

17   115.

18       After *Fair Assessment*, the Court of Appeals for the Ninth Circuit has applied the

19   doctrine of comity to suits seeking refunds of taxes. *See Marvin F. Poer and Co. v. Counties

20   of Alameda*, 725 F.2d 1234, 1236 (1984) ("[A]lthough the language of the [Tax Injunction] Act

21   does not specifically cover actions for refund or damages, federal court consideration of such

22   cases must be barred lest the Tax Injunction Act be deprived of its full effect."); *see also Winn*

23

24       [2] The Supreme Court stated: "We discern no significant difference, for purposes of the
     principles recognized in this case, between remedies which are 'plain, adequate, and complete,'
25   as that phrase has been used in articulating the doctrine of equitable restraint, and those which
     are 'plain, speedy and efficient,' within the meaning of § 1341 [the Tax Injunction Act]." *Fair
26   Assessment*, 454 U.S. at 116 n.8. The Supreme Court explained: "Both phrases refer to the
     obvious precept that plaintiffs seeking protection of federal rights in federal courts should be
27   remitted to their state remedies if their federal rights will not thereby be lost. Numerous federal
     decisions have treated the adequacy of state remedies, and it is to that body of law that federal
28   courts should look in seeking to determine the occasions for the comity spoken of today." *Id.*

1  *v. Killian*, 307 F.3d 1011, 1017 (9th Cir. 2002) ("[A] federal court order requiring a state to

2  grant a tax refund is functionally equivalent to an order preventing the collection of taxes.").

3       The Court of Appeals for the Ninth Circuit has held that even where a plaintiff has

4  obtained a declaration in state court that the tax was invalid, the plaintiff may not obtain a §

5  1983 remedy in federal court where the plaintiff has a "plain, speedy and efficient" state

6  remedy.  *See Patel v. City of San Bernardino,* 310 F.3d 1138, 1140-42 (9th Cir. 2002)

7  (reasoning that if a plaintiff were permitted to seek declaratory judgment in state court and

8  seek damages in federal court, the "principles of comity [would be offended] by encouraging

9  bifurcated litigation between state and federal courts.").  The Court of Appeals for the First

10 Circuit has found that even where the city has stopped collecting the tax, "allowing [federal]

11 damages would significantly intrude into the smooth functioning of the city's tax system." *Id*.

12 at 1141 (citing *Tomaiolo v. Mallinoff*, 281 F.3d 1, 8 (1st Cir. 2002)).

13      In this case, Plaintiff seeks federal remedies pursuant to § 1983 alleging that the City

14 of San Diego tax was declared unconstitutional by the California Court of Appeal and that the

15 City of San Diego stopped collecting the tax but failed to refund taxes paid by businesses.

16 Plaintiff seeks to recover a refund of the allegedly unconstitutional tax.  The Court finds that

17 "allowing damages would significantly intrude into the smooth functioning of the city's tax

18 system." *Patel,* 310 F.3d at 1141.  Accordingly, the doctrine of comity does not permit this

19 Court to award damages where Plaintiff has a plain, speedy and efficient remedy under state

20 law.

21      A state court remedy must meet certain procedural requirements to be "plain, speedy

22 and efficient." *See Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 516-18 (1981) (holding that

23 a state remedy for taxpayers paying property tax under protest to receive a refund was plain,

24 speedy, and efficient.).  "[U]ncertainty concerning a State's remedy may make it less than

25 'plain'...." *Rosewell*, 450 U.S. at 516-17 (citing *Tully v. Griffin, Inc.,* 429 U.S. 68, 224 (1976))

26 "[S]peedy is a relative concept, intended to be evaluated against the time normally required for

27 litigation." *Ashton v. Cory*, 780 F.2d 816, 821 (9th Cir. 1986).  "A remedy is 'efficient' unless

28 it imposes an 'unusual hardship ... requiring ineffectual activity or an unnecessary expenditure

of time or energy." *Lowe v. Washoe County*, 627 F.3d 1151, 1156 (9th Cir. 2010) (citing *Rosewell*, 450 U.S. at 518).

The California Constitution provides: "After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature."  Cal. Const. Art. XIII, section 32.  The California Government Code provides:

> [N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board....

Cal. Gov. Code section 945.4.  California Government Code section 911.2 provides: "A claim relating to any [cause of action other than that for death or for injury to person or to personal property or growing crops] ... shall be presented as provided in Article 2 (commencing with Section 915 [regarding presentation of a claim to a local public entity]) not later than one year after the accrual of the cause of action."  Cal. Gov. Code section 911.2; *see also* Cal. Gov. Code section 915 (requiring a claim to be presented to a local public entity by delivering or mailing it to the clerk, secretary or auditor).

California's procedure for a tax refund which requires payment of the tax and filing of an administrative claim prior to initiating a refund action provides a "plain, speedy and efficient" remedy.  *See Franchise Tax Bd. v. Alcan Aluminium,* 493 U.S. 331, 338-39 (1989) (considering California's state tax on foreign corporations and finding that "California's refund procedures constitute a plain, speedy, and efficient remedy"); *California v. Grace Brethren Church*, 457 U.S. 393, 416-17 (1982) (finding that even though "refund procedures [are] the sole remedy in many States for unlawfully collected taxes," the remedy is plain, speedy and efficient under the meaning of the Tax Injunction Act on the grounds that taxpayers can seek a refund and obtain state judicial review of their constitutional claims); *Jerron West, Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1339 (9th Cir. 1997) (considering the process for seeking a refund of California sales tax which included filing an administrative

1   claim prior to filing state action); *Wood v. Sargeant,* 694 F.2d 1159, 1159-60 (9th Cir. 1982)

2   (finding that California's requirement that a taxpayer pay a disputed tax prior to filing suit

3   presented a "plain, speedy and efficient remedy").  "[T]he application of [the Tax Injunction

4   Act] depends on whether a state remedy was at some time available to the taxpayer and the

5   taxpayer's failure to win in state court or to use the remedy properly does not negate the

6   existence of the remedy."  *Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172, 175  (5th Cir.

7   1978); *Jerron West, Inc.*, 129 F.3d at 1340 (finding that where taxpayers fail to comply with

8   California's procedure for tax refund, it does "not render their otherwise adequate state

9   remedies ineffective.").  In this case, Plaintiff seeks a refund of taxes paid to the City of San

10  Diego.  California law provides a procedure for seeking a tax refund.  The Court finds that

11  Plaintiff has a "plain, speedy and efficient" remedy in state court for a refund of the taxes paid

12  to the City of San Diego.  *See Rosewell*, 450 U.S. at 511.  The Court concludes that pursuant

13  to the doctrine of comity, the facts alleged in the Complaint do not support the exercise of

14  subject matter jurisdiction over Plaintiff's claims.

15  **V.      Conclusion**

16          The Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6)

17  filed by Defendant City of San Diego (ECF No. 3) is GRANTED.  Plaintiff may file a motion

18  for leave to file a Third Amended Complaint, accompanied by a proposed Third Amended

19  Complaint, within thirty days from the date of this order.  If no motion for leave to file a Third

20  Amended Complaint is filed, the case will be closed.  The Motion for Abstention pursuant to

21  the *Colorado River* doctrine filed by Plaintiff Swift Frame (ECF No. 10) is DENIED without

22  prejudice.

23  DATED:  September 20, 2011

24                                             *William Q. Hayes*

25                                          **WILLIAM Q. HAYES**
                                            United States District Judge

26

27

28