# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT FRAME, a partnership,<br><br>          Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO, a Municipal Corporation; DOES, 1 through 50,<br><br>          Defendants. | CASE NO. 11cv461 WQH (CAB)<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are the Motion to for Leave to File Third Amended Complaint (ECF No. 26) and the Motion to Remand (ECF No. 25) filed by Plaintiff Swift Frame.

**I.    Background**

    On March 7, 2011, Defendant initiated this action by removing a case that had been filed in the Superior Court of California for the County of San Diego to this Court pursuant to 28 U.S.C. § 1331, federal question jurisdiction. (ECF No. 1). The operative complaint was Plaintiff's Second Amended Complaint which asserted claims pursuant to 42 U.S.C. § 1983 for (1) taking without just compensation and violation of due process pursuant to the Fifth and Fourteenth Amendments regarding the City's refusal to refund the illegal taxes, (2) violation of due process pursuant to the Fifth and Fourteenth Amendments regarding the City's failure to provide a "pre- or post-deprivation remedy" on the grounds that tax payers had to "pay first,

sue later" and the City denied Plaintiff's administrative claim for a refund "without legal basis," and (3) violation of equal protection pursuant to the Fourteenth Amendment regarding the City's refund to landlords but not businesses. Plaintiff seeks monetary damages comprised of a "[r]eturn ... of all Processing Taxes paid by [the] Plaintiff, with interest" as well as attorney's fees and cost of suit. (ECF No. 1-6 at 28).

Defendant City of San Diego filed a Motion to Dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. (ECF No. 3).

On September 20, 2011, the Court granted the Motion to Dismiss the Second Amended Complaint concluding that "pursuant to the doctrine of comity, the facts alleged in the Complaint do not support the exercise of subject matter jurisdiction over Plaintiff's [§ 1983] claims." (ECF No. 22 at 9). The Court stated: "Plaintiff may file a motion for leave to file a Third Amended Complaint, accompanied by a proposed Third Amended Complaint ...." *Id*.

On November 11, 2011, Plaintiff filed a Motion to for Leave to File Third Amended Complaint. (ECF No. 26). Plaintiff also filed a Motion to Remand. (ECF No. 25). On December 15, 2011, Defendant filed an Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint. (ECF No. 31). On December 22, 2011, Plaintiff filed a Reply. (ECF No. 32).

**II.    Contentions of the Parties**

Plaintiff seeks leave to file a Third Amended Complaint "to replace the federal causes of action that this Court dismissed with state causes of action." (ECF No. 26-1 at 1). Plaintiff contends that the amendment is necessary to "preserve Plaintiff's right to his remedies ... to recover against Defendant City for refund of illegally collected taxes." *Id*. at 2. Plaintiff contends that he has asserted valid state law claims.

Defendant contends that leave to file a Third Amended Complaint should not be given on the grounds that the Complaint "alleges recycled and rejected legal theories that will ultimately prove futile." (ECF No. 31 at 1). Defendant contends that Plaintiff has made "numerous attempts to state any sort of cognizable cause of action," but has failed to do so.

1  *Id*. at 2. Defendant contends that "the Motion for Leave to File Third Amended Complaint
2  should be denied. However, if the Court were to disagree, the City has no opposition to this
3  matter being returned to the Superior Court as the proposed Third Amended Complaint only
4  contains state law claims." *Id*. at 1 n.1.

5  **III.   Discussion**

6  Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. Courts ordinarily defer consideration of any challenge to the merits of the proposed amended complaint until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Defendant opposes the amendment because it would be futile. After consideration of the submissions of the parties, the Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Plaintiff's Motion to for Leave to File Third Amended Complaint (ECF No. 26) is GRANTED. The Third Amended Complaint (ECF No. 26-2; ECF No. 26-3) filed by Plaintiff is the operative complaint in this case.

This case was removed from state court. The removal statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Third Amended Complaint asserts the following state claims: (1) money had and received; (2) unjust enrichment; and (3) violation of equal protection in violation of the California Constitution. The Third Amended Complaint does not assert any federal claims. Accordingly, the Court lacks subject matter jurisdiction over the Third Amended Complaint and Plaintiff's Motion to Remand (ECF No. 25) is GRANTED.

## IV.   Conclusion

IT IS HEREBY ORDERED THAT the Motion to for Leave to File Third Amended Complaint (ECF No. 26) filed by Plaintiff Swift Frame is GRANTED. Plaintiff's Third Amended Complaint (ECF No. 26-2; ECF No. 26-3) is the operative complaint in this case. The Motion to Remand (ECF No. 25) filed by Plaintiff Swift Frame is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the California Superior Court for the County of San Diego, where it was originally filed and assigned Case No. 37-2009-00104602-CU-MC-CTL.

DATED: January 23, 2012

**WILLIAM Q. HAYES**
United States District Judge